UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                    No. 2:15-CR-20019

THOMAS EDWARD JAMES                                                         DEFENDANT

## OPINION AND ORDER

Defendant Thomas Edward James filed a motion (Doc. 29) for release from custody. The Government has filed a response (Doc. 33) in opposition. The motion will be denied.

The Court may modify a term of imprisonment on motion by a defendant if the defendant has exhausted BOP administrative remedies or that process has stalled for 30 days, extraordinary and compelling reasons consistent with Sentencing Commission policy statements warrant the modification, and a consideration of 18 U.S.C. § 3553(a) factors supports modification. 18 U.S.C. § 3582(c).

On September 5, 2015, Defendant pled guilty to one count of mail fraud in violation of 18 U.S.C. § 1341 and one count of making a false tax return in violation of 26 U.S.C.§ 7206(1). On April 13, 2016, Defendant was sentenced to 108 months of imprisonment on count 1 and 36 months of imprisonment on count 2, to run concurrently, and 3 years of supervised release on count 1 and 1 year of supervised release on count 2. Defendant's projected date of release is February 23, 2024. His motion requests a sentence reduction that would result in his early release in response to the COVID-19 pandemic.

The motion will be denied in this case because the §3553(a) factors do not support modification of Defendant's sentence. From October 2002 to April 2013, Defendant was a part-time associate pastor of a church in Fort Smith, Arkansas. He also was employed as a broker with

1

Merrill Lynch from 2006-2008.  Following his termination as a broker, Defendant approached potential investors, including many members of his church, to invest funds in U.S. Treasury Bonds that he guaranteed would have a rate of return greater than 20%.  Defendant received funds from several investors who invested based on Defendant's representations.  Instead of investing in the promised U.S. Treasury Bonds, Defendant converted his victims' funds to personal use.  Defendant's victims were members of his church, his family, and a nonprofit organization.  These victims were not sophisticated investors and Defendant caused them to lose their sense of financial security.  In all, Defendant received $505,506 from his victims.  Defendant also falsely inflated the amount of gifts by cash or check in his federal tax returns for the years 2007, 2009, 2010, 2011, and 2012.  Further, Defendant continued to defraud some of his victims even after he pled guilty.

Although Defendant argues he has been a model inmate (despite his two disciplinary violations) and does not pose a risk of offending again, the Court is not convinced that the period of incarceration Defendant has already served is sufficient to achieve the goals of sentencing.  The Court finds the 3553(a) factors—specifically the nature and circumstances of the offense and the need to reflect the seriousness of the offense—do not support modification.

   IT IS THEREFORE ORDERED that the motion (Doc. 29) is DENIED.

   IT IS SO ORDERED this 14th day of December, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE